# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OMAR HILL, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-13-1126-D |
| | ) |
| MATTHEW CATES et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

On January 17, 2014, Plaintiff Omar Hill, Jr., a state prisoner appearing pro se, was granted leave to proceed *in forma pauperis*. Order, Doc. No. 12. Mr. Hill was ordered to either pay an initial partial filing fee of $108.59 or show good cause, in writing, for the failure to pay, by February 17, 2014. *Id.* at 2-3.[1] To date, Mr. Hill has done neither. The undersigned recommends that Mr. Hill's claims be dismissed without prejudice to refiling, as more fully set forth below.

Mr. Hill first moved for leave to proceed *in forma pauperis* on October, 21, 2013. Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 2. Mr. Hill's application, however, did not include the required certification of his prisoner accounts for the six-month period preceding the filing of his lawsuit. *Id.* Therefore, on October 23, 2013, the Court ordered Mr. Hill to provide the required information or explain why he was unable

---

[1] As discussed below and noted in the Court's January 17th Order, Mr. Hill was granted pauper status despite his repeated failures to provide certain financial information required by this Court. *See* Order, Doc. No. 12, at 1-2; *see also* Order, Doc. No. 8; Order, Doc. No. 10.

to do so. Order, Doc. No. 6. The Court also warned Mr. Hill that failure to provide the required information may result in the dismissal of his action. *Id.*

On November 12, 2013, Mr. Hill filed a second motion for leave to proceed *in forma pauperis*. Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 7. Therein, Mr. Hill provided additional information, but still did not include the required certification of his prisoner accounts for the full six-month period preceding the filing of his lawsuit. *See id.* Specifically, the account statements submitted by Mr. Hill showed a beginning balance of $0.00 as of May 1, 2013, at Avenal State Prison in California, but no transaction data from May 1, 2013, through August 11, 2013. *See id.*[2] On November 22, 2013, the Court again ordered Mr. Hill to provide the required information or explain why he was unable to do so. Order, Doc. No. 8. Further, the Court again warned Mr. Hill that failure to comply with the order may result in the dismissal of his action.

On December 9, 2013, Mr. Hill sought an extension of time to comply, explaining that during the missing time period he was incarcerated in La Palma, Arizona, not at Avenal State Prison in California. Pl.'s Mot. for Extension of Time, Doc. No. 9. The

---

[2] In August 2013, upon Mr. Hill's transfer to Avenal State Prison, his account at that institution was credited with over $750.00 in funds transferred from a prior facility. *See* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis* Ex. 1, Doc. No. 7-1 (showing credits of $631.25 on August 12, 2013, and $120.55 on August 15, 2013). The account statements reflect spending by Mr. Hill of approximately $650.00 immediately prior to Mr. Hill commencing this action. *See id.* (showing various debits for "SALES," including $220.00 on August 14, 2013, $208.70 on September 3, 2013, and $217.85 on October 8, 2013). As of October 21, 2013, the date the action was filed, Mr. Hill had an institutional account balance of $212.05. *See id.* While Mr. Hill's motion for leave to proceed *in forma pauperis* was pending, Mr. Hill further expended funds on "SALES," including $117.05 on November 5, 2013, and $64.15 on December 3, 2013. *See* Pl.'s Institutional Acct. Statement, Doc. No. 11, at 1.

2

Court granted Mr. Hill's request for an extension, giving him until January 10, 2014, to obtain and submit the required information. *See* Order, Doc. No. 10.³ On January 13, 2014, Mr. Hill submitted another document, but it was only a more recent copy of his account statement from Avenal State Prison. Pl.'s Statement, Doc. No. 11. He again did not submit any account information for the period of May 1, 2013, through August 11, 2013. *See id.*

Despite Mr. Hill's failure to provide certified account statements for the <u>full</u> six-month period preceding the filing of Mr. Hill's complaint, the Court – citing the need for efficient process – considered Mr. Hill's application based on the financial information provided. *See* Order, Doc. No. 12, at 2. On January 17, 2014, based on this information, Mr. Hill was granted pauper status and directed to pay an initial partial filing fee of $108.59, representing the Court's calculation of 20 percent of the average monthly balance in Mr. Hill's accounts for the approximate six-month period immediately preceding the filing of his complaint. *See id.*; 28 U.S.C. § 1915(b)(1). Mr. Hill was warned that if he did not pay the initial partial filing fee by February 17, 2014, or explain why he was unable to do so, his action may be dismissed. Order, Doc. No. 12, at 2-3.

---

³ In the November 22, 2013 Order, the Court – in anticipation that the missing data may be the result of Mr. Hill having been incarcerated at another facility during the relevant period – had explained that Mr. Hill must "submit a certified copy of his prison trust fund account statement from *each* facility in which he was confined within the six-month period immediately preceding the filing of his complaint, specifically including the period of May 1, 2013 to August 11, 2013, or [to] show cause for why he [was] unable to do so." Order, Doc. No. 8, at 1-2.

3

As of March 20, 2014, one month after the deadline, Mr. Hill has remitted three payments, collectively totaling $45.00, toward his initial partial filing fee of $108.59. *See* Receipt, Doc. No. 14 ($16.00); Receipt, Doc. No. 15 ($28.00); Receipt, Doc. No. 16 ($1.00). Mr. Hill has not expressly sought relief from the requirement that he pay $108.59 by February 17, 2014. He has, however, without explanation, filed a new motion for leave to proceed *in forma pauperis*, along with a California state court form requesting the waiver of court fees. Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 13. With that filing, Mr. Hill included an updated institutional account statement from Avenal State Prison, providing only a truncated transaction list[4] and stating that on January 27, 2014, he had an available balance of $0.00. *Id.* at 3. Mr. Hill states that he receives financial support from his family, but he does not specify the amount of this support, as required. *See* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 13, at 1.

Mr. Hill's renewed motion for leave to proceed *in forma pauperis* (Doc. No. 13) alone is inadequate to show good cause for the failure to pay his initial partial filing fee by February 17, 2014, and is inadequate to warrant the Court's reconsideration of this fee. At minimum, Mr. Hill has repeatedly failed to provide the documents, if they exist, that would support a request for relief beyond the initial partial filing fee ordered. At

---

[4] Mr. Hill's prior submissions reflect additional transactions. *Compare* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 13 (showing only transactions dated August 12, 2013), *with* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis* Ex. 1, Doc. No. 7-1 (showing transactions from August 12, 2013, through October 28, 2013), *and* Pl.'s Institutional Acct. Statement, Doc. No. 11 (showing transactions from August 12, 2013, through December 3, 2013).

most, Mr. Hill's sporadic and incomplete submissions raise a question as to whether he is attempting to abuse the privilege of proceeding *in forma pauperis*.[5] *See Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right," and "[c]ourts have the discretion to revoke that privilege when it no longer serves its goals.").

RECOMMENDATION

Because Mr. Hill has not paid the initial partial filing fee as ordered, or shown good cause for why he was unable to do so, the undersigned recommends that the District Judge:

(1) deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 13), construed as either an attempt to show good cause for failure to pay the full initial partial filing fee of $108.59 or a motion to reconsider the amount of the initial partial filing fee;[6]

---

[5] From Mr. Hill's institutional account statements, discussed above, it appears that Mr. Hill at various times has chosen to prioritize the purchase of prison amenities over the expenses associated with this lawsuit. *See supra* note 2. Further, Mr. Hill previously filed a similar lawsuit in which he was granted pauper status and was advised of the expense of a civil action under pauper status. *See* Complaint, *Hill v. Cate*, No. CIV-13-517-D (W.D. Okla. Apr. 3, 2013), Doc. No. 1; Order, *Hill v. Cate*, No. CIV-13-517-D (W.D. Okla. May 24, 2013), Doc. No. 7. That lawsuit was dismissed without prejudice after Mr. Hill failed to pay an initial partial filing fee of $43.41. *See* Order, *Hill v. Cate*, No. CIV-13-517-D (W.D. Okla. Sept. 26, 2013), Doc. No. 9; Judgment, *Hill v. Cate*, No. CIV-13-517-D (W.D. Okla. Sept. 26, 2013), Doc. No. 10.

[6] Under either of these constructions, the undersigned would have the authority under 28 U.S.C. § 636 to deny the motion—and would do so for the reasons stated above. The undersigned has recommended denial, as opposed to directly ordering it, in light of the ultimate recommendation of dismissal and because Mr. Hill's motion could be construed as an independent application to proceed *in forma pauperis*. *See Lister v. Dep't of the*

(2) order Mr. Hill to pay the remaining $63.59 of his initial partial filing fee within 21 days of any order adopting this Report and Recommendation; and

(3) dismiss the action without prejudice to refiling if Mr. Hill fails to timely pay the remaining $63.59 of his initial partial filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of any order adopting this Report and Recommendation.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 10, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 20th day of March, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

*Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding magistrate judge should issue a report and recommendation when denying motion to proceed *in forma pauperis*).