UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| OMAR HILL, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-13-1126-D |
|  | ) |  |
| MATTHEW CATES et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff Omar Hill Jr., a California state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C § 1983, alleging violations of his federal rights during his incarceration at North Fork Correctional Facility ("NFCF"), a privately operated prison in Sayre, Oklahoma.[1] United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636. Having reviewed Plaintiff's Complaint (Doc. No. 1), the undersigned recommends that Plaintiff's action be dismissed without prejudice.

SUMMARY OF PLEADINGS

Mr. Hill brings this lawsuit against five Defendants. *See* Compl. at 1, 2-3. In the caption of his Complaint, Mr. Hill identifies only the "Secretary of [the California

---

[1] Mr. Hill since has been transferred from NFCF and currently is incarcerated in Avenal State Prison in Avenal, California. *See* Compl. at 2.

Department of Corrections and Rehabilitation] Matthew Cates[2] for 'Contract Bed Unit'" as a Defendant. *See id.* at 1. On subsequent pages of his Complaint, however, Mr. Hill identifies four additional Defendants: "Dr. Holt 'Resident Dr.' [NFCF]"; "Physician Assistant Ms. Bundy"; "Ms. Allday – Medical Records"; and "Ms. Stanley – Job Coordinator." *See id.* at 2-3.

Although not specifying which of his rights he believes were violated, Mr. Hill summarizes his claims as follows:

> [Plaintiff] sustained permanent injuries to his back by way of a herniated disc malfunction. The actual injury occur[r]ed while he was assigned to work as a kitchen worker in the s[c]ullery. [Plaintiff] was forced to pick up heavy pots and pans, before placing them in the washer.
>
> Deliberate indiffer[e]nce exist[s] by Dr. Holt unwilling to provide medical records concerning the injuries. Even after [Plaintiff] requested them numerous times from differ[e]nt avenues.

*See id.* at 3.

Mr. Hill asserts that he previously worked as a laborer but, due to his "medical disability," is "now incapable of performing physical labor." *Id.* Mr. Hill asserts that "[t]he 'State' caused [his] physical injuries as well as mental injuries" and contends that he therefore is entitled to monetary compensation. *See id.* at 3-4.

---

[2] Matthew Cate is the former Secretary of the California Department of Corrections and Rehabilitation. The undersigned infers that Mr. Hill intended to name Mr. Cate, rather than Cates, as a defendant, and therefore will use that name in this Report and Recommendation. Because that is just an inference, and given the recommended disposition of the case, the undersigned has not ordered the substitution of Matthew Cate (or for that matter Mr. Cate's successor at CDCR) for Matthew Cates in the style of the case.

With his Complaint, Mr. Hill submitted ten pages of exhibits. *See* Compl. Exs., Doc. No. 1-1; *see also* Fed. R. Civ. P. 10(c). However, Mr. Hill does not explain the specific relevance of these exhibits to his claims against Defendants.

On a form titled "Inmate/Parolee Request for Interview, Item or Service" ("request form") and dated June 11, 2012, Mr. Hill states that he was injured in the NFCF kitchen but that the injury was "in part" a chronic medical condition for which he had received treatment while in the California Department of Corrections and Rehabilitation's custody in California. Compl. Exs. at 9. Mr. Hill then asserts that NFCF should obtain his complete medical records for the entire duration of his incarceration "to provide [him] with the best options for reasonable [and] timely medical treatment." *See id.* (capitalization altered). Mr. Hill received a response dated June 14, 2012, from a staff member with the initials "S.M.," stating that Mr. Hill was treated by a PA (physician assistant) on June 13, 2012, but, if Mr. Hill experienced problems before his scheduled follow-up appointment in six weeks, he should request medical care sooner.[3] *See id.*

Mr. Hill also included two medical documents as exhibits—dated June 7, 2012, and July 23, 2012, respectively—reflecting medical interpretations of imaging studies performed on his spine. *See id.* at 1-3. The June 7th interpretation indicates that Mr. Hill has degenerative disc disease at one level of his cervical spine, straightening of the lumbar spine's normal curvature, and, possibly, a herniated disc at one level of his

---

[3] The responding staff member's printed name and signature are mostly illegible. *See* Compl. Exs. at 9. However, that staff member's first initial appears as an "S," and the staff member's surname appears to begin with an "M." *See id.* These initials do not correspond to any of the named defendants.

3

lumbar spine. *Id.* at 2. The July 23rd interpretation provides additional information regarding disc condition at the same level of Mr. Hill's lumbar spine that was being considered in the June 7th interpretation. *See id.* at 1.

Mr. Hill's remaining exhibits all are dated several months later—in February and March 2013—and generally purport to show Mr. Hill's requests for medical records and other documentation allegedly needed to pursue a workers' compensation claim in California based on his alleged injury while working in the NFCF kitchen. *See* Compl. Exs. at 4-8, 10.

First, on a request form dated February 16, 2013, Mr. Hill asks questions about the workers' compensation claim process and about whether an injury report exists for his alleged injury in the kitchen, which he states occurred on May 25, 2012. *Id.* at 7; *see also id.* at 10 (providing duplicate copy of exhibit). Mr. Hill received a response dated February 18, 2013, from a staff member, "Allday," advising Mr. Hill that "[t]here is not a record of [Mr. Hill] going to medical to be seen for an injury." *Id.* at 7. Staff Member Allday further advised Mr. Hill that he should contact the Jobs Coordinator for more information regarding workers' compensation claims. *Id.* In response, Mr. Hill completed the section of the form required to request a supervisor's review, reiterating that he was injured while working in the kitchen, stating that the injury occurred on "6- -12," and requesting that the records be re-examined. *Id.* It is not evident from the form that Mr. Hill actually submitted his request for a supervisor's review. *See id.* (reflecting no supervisor's signature of receipt).

4

Mr. Hill next included three additional prison forms as exhibits: a request form dated February 21, 2013; an "Inmate/Parolee Health Care Appeal Form" ("health care appeal form") dated February 21, 2013; and a health care appeal form dated March 6, 2013. Compl. Exs. at 4-6; *see also id.* at 8 (providing duplicate copy of February 21st Request Form). On his February 21, 2013 Request Form, which is addressed to "Ms. Stanley Job Coordinator," Mr. Hill states that his back was injured while he was working in the kitchen and that he is "permanently di[s]abled due to this injury." *Id.* at 4 (capitalization altered). Mr. Hill "respectfully request[s] that processing for [his] worker[s'] compensation application get started," noting that he attached the application.[4] *Id.* (capitalization altered). Mr. Hill further states that he needs "documentation from Dr. Holt concerning in[j]ury." *Id.* (capitalization altered). Although addressed to Defendant Stanley, it is not clear whether Mr. Hill ever submitted this request form to Defendant Stanley, as Mr. Hill did not sign the form and there is no indication on the form that Defendant Stanley or any other staff member received it.[5] *See id.*

On Mr. Hill's February 21, 2013 Health Care Appeal Form, Mr. Hill states that he injured his back and spine while working in the NFCF kitchen on "approximately 6-10-

---

[4] There is no workers' compensation application among the exhibits to the Complaint.

[5] The form states that "no receipt will be provided if [the] request is mailed," but the form does provide for a receipt if directly delivered to a staff member. *See* Compl. Exs. at 4 (capitalization altered). The form instructs a staff member who receives such a form directly from a prisoner to complete the receipt section and to provide a copy of the form to the prisoner. *Id.* Mr. Hill indicated on the form that he delivered the request to Ms. Stanley. *See id.* However, the receipt section on the request form has not been completed by a staff member; it remains blank. *See id.*

5

12." Compl. Exs. at 5 (capitalization altered). Mr. Hill asserts that he "advise[d] NFCF" of a prior injury and that "a kitchen job was much too [strenuous]." *Id.* (capitalization altered and internal quotation marks omitted). Mr. Hill requests monetary compensation for his injury, asserting that he "will never be able to perform any type of physical labor." *Id.* (capitalization altered). As with the February 21, 2013 Request Form, it is not clear whether and to whom Mr. Hill submitted this health care appeal form, as there is no indication on the form that a staff member ever received it. *See id.*

Finally, on the March 6, 2013 Health Care Appeal Form, Mr. Hill states:

> Appellant believes that he has been harm[ed] & that his right[s] have been violated. Dr. Holt resident physician at [NFCF] while acting 'under color of state law' . . . violated constitutional rights that were clearly established at the time of the conduct. At the time of injury and performing of the work Petitioner had been under exclusive control of 'Contract Bed Unit' for [NFCF]. Pursuant to West's Ann. Labor Code §[] 3351[,] the inmate become[s] an 'employee' as such entitled to workmen's compensation benefits when injured. Also Cal. Const. Art. XX s. 21, spoke directly on workman's comp.

Compl. Exs. at 6 (capitalization altered). Mr. Hill requests "that NFCF accept responsibility for [his] injuries coupled with Dr. Holt presenting [his] medical files, specifically relative to [his] injuries sustained while on the job." *Id.* (capitalization altered and internal quotation marks omitted). As with the February 21, 2013 Request Form and the February 21, 2013 Health Care Appeal Form, it is not clear whether Mr. Hill submitted this health care appeal form to any relevant official, as there is no indication on the form that a staff member received it. *See id.*

6

ANALYSIS

A. *The Court's Screening Obligation*

The Court must review each complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis*. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

B. *Stating a Plausible Claim to Relief*

Although the Court construes a pro se litigant's pleadings liberally, no litigant is exempt from compliance with applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.* at 679; *see also Kay*, 500 F.3d at 1218 (indicating that court uses same analysis for complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

C. *Whether Mr. Hill Has Stated a Plausible Claim to Relief Under § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to plausibly show *both*: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is not sufficient to establish only that a federal right was violated. The plaintiff must allege facts to plausibly establish a causal connection between an alleged violation of a federal right and *each* defendant. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225-26, 1228 (10th Cir. 2013). A defendant cannot be vicariously liable under § 1983 for the acts of another; each defendant must be causally connected to the violation. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768-69 (10th Cir. 2013).

The factual allegations required to establish the requisite causal connection between an alleged violation of a federal right and each defendant vary depending on whether the defendant is sued in his or her official or individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (delineating differences between official and individual capacity suits). If a defendant is sued in his or her official capacity, the suit generally is treated as one against the entity that the official represents and must be based on the entity's official policy or custom that caused the violation of the plaintiff's federal rights. *See id.* at 166. If a defendant is sued in his or her individual capacity under § 1983, the plaintiff must allege facts to establish the defendant's "personal involvement or participation" in the violation of federal rights. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

Here, Mr. Hill does not clearly identify whether he is suing Defendants in their official capacities, individual capacities, or both.[6] The undersigned finds that Mr. Hill has not alleged sufficient facts to state any official-capacity claims because he does not identify an official policy or custom of any entity represented by Defendants, as would be required for such claims. *See Graham*, 473 U.S. at 166. Therefore, any official-capacity claims against Defendants should be dismissed.

Next, the undersigned proceeds to consider whether Mr. Hill has alleged sufficient facts to state any individual-capacity claims against Defendants.

---

[6] Mr. Hill makes only one reference to capacity, stating that "Dr. Holt is a state employee and should be liable in his individual capacity." Compl. at 3.

1. Defendants Cate and Bundy

No factual allegations appear in Mr. Hill's Complaint or exhibits as to Defendant Cate or Defendant Bundy. As previously noted, to state a plausible claim for relief under § 1983, the plaintiff must, among other things, provide factual allegations as to the personal participation of each defendant. *See Iqbal*, 556 U.S. at 676, 678; *Pahls* 718 F.3d at 1225-26; *Grimsley*, 93 F.3d at 679. Accordingly, lacking the necessary factual support, Mr. Hill's claims against Defendants Cate and Bundy should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

2. Defendant Allday

Similarly, no factual allegations appear in Mr. Hill's Complaint as to Defendant Allday. However, as discussed above, Mr. Hill's February 16, 2013 Request Form, included as an exhibit to the Complaint, contains a response from a staff member, "Allday." Compl. Exs. at 7; *see also* Fed. R. Civ. P. 10(c); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (noting that exhibits to complaint may be considered in analyzing complaint's sufficiency). On the request form, Mr. Hill asks questions about the workers' compensation claim process and about whether an injury report exists for his alleged injury in the kitchen, which he states occurred on May 25, 2012. Compl. Exs. at 7; *see also id.* at 10 (providing duplicate copy of exhibit). In response, Staff Member Allday advised Mr. Hill that there was no record of Mr. Hill seeking treatment from medical staff for the alleged injury. *See id.* Staff Member Allday further advised Mr.

Hill to contact the Jobs Coordinator for more information regarding workers' compensation claims. *Id.*

Mr. Hill offers no explanation in the Complaint itself for the inclusion of this exhibit or its relevance to his claims. Nevertheless, responding to a prisoner's request, without more, is insufficient to establish a defendant's connection to a federal rights violation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009). Assuming Staff Member Allday is the same individual as Defendant Allday in this lawsuit, the factual allegations in the February 16, 2013 Request Form are insufficient to establish that Defendant Allday directly violated Mr. Hill's federal rights or otherwise was causally connected to any alleged violation of Mr. Hill's federal rights. That is, Staff Member Allday's statements alone—that a record does not exist and that Mr. Hill should consult someone else for information regarding a workers' compensation claim—do not support or establish any apparent violation of Mr. Hill's federal rights. Accordingly, lacking the necessary factual support, Mr. Hill's claims against Defendant Allday should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

3. <u>Defendant Stanley</u>

As with the previously discussed Defendants, no factual allegations appear in Mr. Hill's Complaint as to Defendant Stanley. However, Mr. Hill's February 21, 2013 Request Form, included as an exhibit, is addressed to "Ms. Stanley Job Coordinator." Compl. Exs. at 4; *see also* Fed. R. Civ. P. 10(c); *Oxendine*, 241 F.3d at 1275. On the form, Mr. Hill states that he was injured while working in the kitchen and requests

processing of a purportedly attached workers' compensation application. *See* Compl. Exs. at 4. Mr. Hill also states that he needs "documentation from Dr. Holt concerning in[j]ury." *Id.* (capitalization altered). As previously noted, it is not clear whether Mr. Hill submitted this request form, as it does not reflect his signature or that of any staff member who received it, and Mr. Hill does not explain in his Complaint why this form was included as an exhibit. *See id.*; Compl. at 3; *see also supra* note 5. In any event, the factual allegations contained in the request form do not describe any conduct by Defendant Stanley, much less conduct that could be causally connected to a violation of Mr. Hill's federal rights. Accordingly, lacking the necessary factual support, Mr. Hill's claims against Defendant Stanley should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

    4. <u>Defendant Holt</u>

Unlike the previously discussed Defendants, Mr. Hill does present factual allegations against Defendant Holt in his Complaint. Mr. Hill alleges that "Dr. Holt [is] unwilling to provide medical records concerning the injuries," despite Mr. Hill's "numerous" requests "from different avenues." Compl. at 3. Beyond this alleged denial of medical records, Mr. Hill does not allege any specific conduct by Dr. Holt; rather, Mr. Hill merely states various legal conclusions. For example, Mr. Hill contends that the alleged unwillingness to provide records constitutes "deliberate indiffer[e]nce" by Dr. Holt. *Id.* Likewise, on Mr. Hill's March 6, 2013 Health Care Appeal Form, included as an exhibit, Mr. Hill contends that Dr. Holt "violated [Mr. Hill's] constitutional rights that

were clearly established at the time of the conduct," but neither this Form nor the Complaint specifies the conduct to which Mr. Hill refers or identifies the rights violated. *See* Compl. Exs. at 6 (capitalization altered); *see also* Fed. R. Civ. P. 10(c); *Oxendine*, 241 F.3d at 1275. Mr. Hill also states that "[a]t the time of injury and performing of the work[, Mr. Hill] had been under exclusive control of 'Contract Bed Unit' for [NFCF]," and that he therefore was entitled to workers' compensation. *See* Compl. Exs. at 6 (capitalization altered).

As previously noted, bare legal conclusions in a complaint are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. That is, for purposes of evaluating the sufficiency of Mr. Hill's Complaint, the undersigned does not merely accept as true Mr. Hill's legal conclusions that Dr. Holt exhibited deliberate indifference and violated Mr. Hill's constitutional rights. Rather, to support a reasonable inference that Dr. Holt acted unlawfully, Mr. Hill must provide sufficient factual allegations describing Dr. Holt's conduct and must establish a causal connection between that conduct and a violation of Mr. Hill's federal rights. *See id.* at 676, 678; *Pahls*, 718 F.3d at 1225-26; *West*, 487 U.S. at 48.

Dr. Holt's only conduct, as described by Mr. Hill, was an alleged unwillingness to provide requested medical records. *See* Compl. at 3. Even as to this conduct, the sparse factual allegations do not support a reasonable inference that Dr. Holt violated Mr. Hill's federal rights. A refusal to provide records, without more, does not establish any apparent violation of Mr. Hill's federal rights. Mr. Hill describes no harm as a result of this alleged unwillingness. Mr. Hill does not directly contend that such records were

13

required to submit a workers' compensation claim or for any other purpose, nor does Mr. Hill contend that Dr. Holt's alleged unwillingness to provide the records caused Mr. Hill to be denied workers' compensation benefits or to be injured in some other manner.[7] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Lacking the necessary factual support, Mr. Hill's claims against Defendant Holt should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

     5. <u>Mr. Hill's Claims Not Otherwise Connected to a Defendant</u>

Finally, the undersigned addresses those factual allegations in the Complaint that are not connected to a specific defendant. For instance, in his Complaint, Mr. Hill states that he "was forced to pick up heavy pots and pans, before placing them in the washer" and that "[t]he State caused [his] physical injuries as well as mental injuries." Compl. at 3-4. On his February 21, 2013 Health Care Appeal Form, Mr. Hill alleges that he "advise[d] NFCF" of a prior injury and that "a kitchen job was much too [strenuous]." Compl. Exs. at 5 (capitalization altered and internal quotation marks omitted). To the extent these factual allegations are intended to support a claim that Mr. Hill's federal rights were violated, Mr. Hill has failed to identify who was involved in such violations

---

[7] The examples of missing factual allegations are illustrative only and are not intended to suggest, for instance, that a denial of workers' compensation benefits under these circumstances would necessarily equal a federal rights violation.

14

and, therefore, has failed to connect the factual allegations to any defendant named in this lawsuit. *See Pahls*, 718 F.3d at 1225-26. Accordingly, these claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

### D. Mr. Hill's State Law Claims and the Court's Supplemental Jurisdiction

At this point, the undersigned has concluded that Mr. Hill has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Because Mr. Hill appears to be asserting state-law claims in his Complaint, the undersigned now briefly addresses the Court's jurisdiction over such claims. Parties on both sides of this lawsuit, namely Mr. Hill and Defendant Cate, appear to be citizens of California. *See* Compl. at 1. Because Mr. Hill's potential state-law claims do not present any federal question within the meaning of 28 U.S.C. § 1331 or implicate a diversity of citizenship within the meaning of 28 U.S.C. § 1332, the Court does not have original jurisdiction over these non-federal claims. Therefore, if the Court adopts the undersigned's recommendation that Mr. Hill's § 1983 claims be dismissed, any supplemental jurisdiction the Court may exercise over Mr. Hill's state-law claims would be discretionary. *See* 28 U.S.C. § 1367(c)(3). The undersigned recommends that the Court decline to exercise such jurisdiction.

### E. Opportunity to Amend

With respect to claims that the undersigned recommends be dismissed for failure to state a claim upon which relief may be granted, the undersigned further recommends that the dismissal be without prejudice and that Mr. Hill be granted permission to file an

amended complaint. *See* Fed. R. Civ. P. 15(a)(2). It is possible that Mr. Hill could cure the deficiencies in his claims through additional allegations consistent with the discussion above or through the naming of additional defendants, or both.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that the Court decline to exercise supplemental jurisdiction over any state-law claims asserted. The undersigned further recommends that Plaintiff be granted leave to file an amended complaint to address factual deficiencies identified herein.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by June 18, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 28th day of May, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE